UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:17-CR-011 |
| | ) | |
| JOSHUA FRANKLIN MERCER | ) | |

## **O R D E R**

By judgment entered July 24, 2017, this Court sentenced the defendant to a 33-month term of imprisonment, to be followed by a lifetime of supervised release, for failing to comply with the Sex Offender Registration and Notification Act ("SORNA"). Pursuant to a *limited* remand by the Sixth Circuit Court of Appeals [doc. 38], this case is back before the court *solely* for correction of the length of the term of defendant's supervised release.

On November 30, 2018, the defendant filed a motion to dismiss. [Doc. 44]. According to the motion, "[s]pecifically, Mr. Mercer raises the argument that Congress violated the nondelegation doctrine by permitting the Attorney General to determine SORNA's applicability to individuals convicted of sex offenses before SORNA's enactment. Mr. Mercer raises this argument for purposes of preservation in light of the Supreme Court's granting of the petition for a writ of certiorari in *Gundy v. United States*, . . ." [Doc. 44, p.1].

On June 20, 2019, the Supreme Court decided *Gundy*. The Court held that "under the approach this Court has taken for many years," Congress did not violate the nondelegation doctrine by delegating certain SORNA powers to the Attorney General.

*Gundy v. United States*, No. 17-6086, 2019 WL 2527473, at * 9-10 (S. Ct. June 20, 2019) (Alito, J., concurring). Accordingly, the defendant's motion to dismiss [doc. 44] is **DENIED**.

A resentencing hearing remains set for **Thursday, August 15, 2019, at 1:45 p.m**. in Greeneville, for the limited purpose of correcting the length of the term of supervision.[1] The United States Probation Office is **DIRECTED** to provide the Court with information necessary for sentencing. In accordance with E.D. Tenn. L.R. 83.9(j), the parties shall file all sentencing memoranda at least 14 days before the resentencing hearing.

The defendant has waived his right to appear at his resentencing hearing. [Doc. 41]. Therefore, the defendant's appearance at the hearing is not required.

    **IT IS SO ORDERED.**

                                      ENTER:

                                       s/ Leon Jordan
                                    United States District Judge

---

[1] Should the parties reach an agreement regarding a corrected term of supervised release, they must jointly file notice with the court no later than July 25, 2019.